

Cite as 2017 Ark. App. 519

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–17–155

| | |
|---|---|
| JOHN KIRK<br><div align="right">APPELLANT</div> | **Opinion Delivered:** October 4, 2017 |
| V.<br><br>CENTRAL STATES MANUFACTURING, INC; LIBERTY MUTUAL GROUP; AND DEATH AND PERMANENT TOTAL DISABILITY TRUST FUND<br><div align="right">APPELLEES</div> | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. F706889]<br><br>SUPPLEMENTATION OF THE RECORD AND REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the Arkansas Workers' Compensation Commission's (Commission) January 12, 2017 opinion affirming and adopting the July 11, 2016 opinion of the administrative law judge (ALJ) denying his claim on finding that the statute of limitations had run in the matter and that he had failed to prove that he was entitled to any additional indemnity benefits. On appeal, appellant argues (1) that the Commission erred in finding that his claim for additional indemnity benefits was barred by the applicable statute of limitations and (2) that the *Flores v. Walmart Distribution* interpretation of the statute of limitations is not strict construction, and is therefore contrary to legislative intent.[1] We are unable to address the merits of appellant's argument and hereby order supplementation of the record and rebriefing.

---

[1] 2012 Ark. App. 201.

SLIP OPINION

Appellant provided the only testimony at the hearing before the ALJ. He testified that he was injured on July 25, 2006. He received temporary total disability benefits through October 15, 2007, and received medical treatment, including surgery with Dr. Blankenship, after which he returned to work. In 2013, while working for Central States Manufacturing, Inc. (Central States), in South Dakota, he started experiencing increased pain, which he reported to Central States. Central States "forced [him] to go through a process with the Workers' Compensation Commission," in which he eventually returned to the care of Dr. Blankenship, who removed him from work and performed a second surgery. Following the surgery, he attempted to return to work under "partial day and limited activity restrictions" in 2014, but his pain increased despite being limited to four-hour work days. He returned to Dr. Blankenship, who again removed him from work, and then Central States fired him, saying that he was "no longer needed." Central States stopped paying indemnity benefits when it fired him, though it had resumed doing so after his second surgery.

Appellant testified that "[t]here was a period of about five years that [he] did not receive any type of indemnity benefit, only medical"; he thought the gap was between 2007 and 2012. He was not sent or asked about, and he did not ask for, any indemnity benefits during that time. He never made a written claim for indemnity benefits and did not request them before hiring an attorney. He stated that he "never saw a need to request additional benefits; [he] did not know it was an option." Following appellant's testimony, both appellant and Central States rested, after which the ALJ ordered briefs from both, noting that he "particularly want[ed] the statue of limitations' [sic] issue" addressed in the briefs.

Arkansas Code Annotated section 11-9-711(b)(1)(A) provides that, after a notice of appeal is filed with the Commission, "the commission under its certificate shall send to the court all pertinent documents and papers, together with a transcript of evidence and the findings and orders, which shall become the record of the cause."[2] Appellant provided the only live testimony at the hearing. Neither appellant nor Central States provided a closing argument to the ALJ, with both resting after appellant's testimony. The record lodged with our court does not contain either of the parties' briefs. Without the briefs submitted to the ALJ, this court is not able to ascertain whether appellant's arguments were raised below or whether they remain in the scope and nature of what they were below. Arkansas Rule of Appellate Procedure–Civil 6(e) states that the appellate court, on its own initiative, may direct that the omission or misstatement of anything material shall be corrected, and if necessary, that a supplemental record be certified and transmitted.[3] Therefore, we remand to the Commission to supplement the record to include the parties' briefs.

The briefs are also absent from the addendum, though necessary for the above-referenced reasons. Arkansas Supreme Court Rule 4-2(a)(8) states that "[t]he addendum shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal."

---

[2](Repl. 2012).

[3](2016).

Additionally, Arkansas Supreme Court Rule 4–2(a)(5) states that "[t]he appellant shall create an abstract or abridgment of the transcript that consists of an impartial condensation of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the court for decision."[4] No more than one page of a transcript shall be abstracted without giving a record page reference.[5] Appellant's method of summarization fails to cover all testimony and excludes pages from being abstracted at all.

Because of these deficiencies, we hereby order rebriefing and direct appellant to file a substituted brief that complies with our rules. Appellant shall have fifteen days from the date the supplemental record is submitted to file a substituted abstract, brief, and addendum that complies with the rules. *See* Ark. Sup. Ct. R. 4–2(b)(3). We also encourage counsel to carefully review our rules to ensure that all material information is contained in the record and addendum.

Supplementation of the record and rebriefing ordered.

GRUBER, C.J., and WHITEAKER, J., agree.

*Taylor Law Partners, LLP*, by: *Jason L. Watson*, for appellant.

*Zachary F. Ryburn*, for appellees.

---

[4](2016).

[5]Ark. Sup. Ct. R. 4–2(a)(5)(B).